**NATIONAL PETROLEUM REFINERS ASSOCIATION et al., Plaintiffs,**

v.

**FEDERAL TRADE COMMISSIONERS et al., Defendants.**

**Civ. A. No. 1180–71.**

United States District Court, District of Columbia.

June 17, 1974.

William Simon, Howrey, Simon, Baker & Murchison, Berlin, Roisman & Kessler, Washington, D. C., for plaintiffs.

Stuart E. Schiffer, Dept. of Justice, Michael J. Ryan, Asst. U. S. Atty., U. S. District Court, Calvin J. Collier, Gen. Counsel, Federal Trade Comm., Washington, D. C., for defendants.

MEMORANDUM

AUBREY E. ROBINSON, Jr., District Judge.

This is an action for review of a trade regulation rule promulgated by the Federal Trade Commission. See 340 F. Supp. 1343 (D.D.C.1972), reversed, 157 U.S.App.D.C. 83, 482 F.2d 672 (1973), cert. denied 415 U.S. 951, 94 S.Ct. 1475, 39 L.Ed.2d 567 (1974). The matter is now before the Court on Plaintiffs' request for extensive discovery of the "whole record" which they claim underlies the administrative proceedings herein. Plaintiffs seek to depose the former Chairman of the Commission and at least one former staff member who participated in the internal processes leading

---

1. The issues as to Paragraphs (2) and (3) of the June 18, 1973 award are moot.

to promulgation of the rule under review here. In addition, Plaintiffs seek production of every document generated within the Commission in connection with the promulgation of the rule here challenged. Defendants vigorously oppose this discovery, contending that it is inappropriate under Rule 26, Federal Rules of Civil Procedure, as irrelevant and not calculated to lead to the discovery of admissible evidence herein.

■ Essential to resolution of the present dispute is definition of the scope and basis of this Court's review herein. If wide-ranging de novo review were appropriate, discovery might well be allowed. Defendants contend, however, that the scope of review is a narrow one and that the Court must base its review on the administrative record compiled by the Commission. The Court finds defendants' position well taken.

The informal rule-making proceedings here under review were initiated pursuant to Section 4 of the Administrative Procedure Act, 5 U.S.C. § 553. This section requires only that the agency publish notice of proposed rule-making, provide opportunity for the presentation of views and comments by interested parties, and, after "consideration of the relevant matter presented," incorporate in the rules adopted a statement of their basis and purpose. There is no statu-

tory provision requiring that F.T.C. rules be made on the record after hearing such that the more stringent, formal rule-making procedures of Sections 7 and 8 of the APA, 5 U.S.C. §§ 556 and 557, would apply.[1]

■ In this context, it is clear that the standard of review for the Court is whether the Commission's rule is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A), Camp v. Pitts, 411 U.S. 138, 140–42, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973), Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

To make this finding the court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . . Although inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency. Citizens to Preserve Overton Park v. Volpe, supra, at 416, 91 S.Ct. at 823 (citations omitted).

It is equally evident that the basis for review in the present case is limited to the administrative record compiled by the Commission.[2] Camp v. Pitts, su-

1. United States v. Florida East Coast Railway Co., 410 U.S. 224, 93 S.Ct. 810, 35 L. Ed.2d 223 (1973). There is indication in the Complaint herein (¶ ——) and the Court of Appeals, decision, 482 F.2d at 674, n. 2, that Plaintiffs claim entitlement to a full administrative hearing on statutory (Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45) and Constitutional due process grounds. If Plaintiffs intend to pursue this point, it is a purely legal issue going to the merits of the case rather than to the present discovery issues.

2. Plaintiffs repeatedly emphasize the necessity of bringing the "whole record" before the Court, expressly suggesting that the Commission may have considered as material various undisclosed information developed through staff investigations or ex parte con-

tacts. Plaintiffs seek to explore this possibility in order to bring the "whole record" before the Court. The term "whole record" apparently derives from 5 U.S.C. § 706, which sets forth the standard of review herein. Yet Plaintiffs have offered no authorities for the proposition that the term "whole record" means anything other than the administrative record as compiled by the agency. It is apparent, for example, that the Supreme Court in Citizens to Preserve Overton Park v. Volpe, equated the "whole record" requirement with "the full administrative record" on which the challenged decision is based. 401 U.S. at 420, 91 S.Ct. 814.

In 'Appalachian Power Co. v. E.P.A., 477 F.2d 495, at 507 (4th Cir. 1973), the Court stated that it "must have before it the record of expert views and opinions, the technological data and other relevant material,

pra, 411 U.S. at 142, 93 S.Ct. 1241, Citizens to Preserve Overton Park v. Volpe, supra, 401 U.S. at 420, 91 S.Ct. 812.

Plaintiffs have briefed extensively several major cases which deal generally with the adequacy of an administrative record. The short answer to this presentation is simply that each of these cases is distinguishable on its face as involving a specialized agency proceeding where important requirements were found to be imposed by statutes other than the APA.[3] Both *Camp* and *Overton Park*, on the other hand, involved informal proceedings solely under the APA, as does the present case. The Court finds, therefore, that the limited scope and basis of review set forth in *Camp* and *Overton Park* is applicable herein.

Further, in those cases[4] where the administrative record was found inadequate, the remedy was not discovery, but remand to the agency for supplementation of the record. The discovery requested here would take place prior to review of the administrative record on the merits, while the remands in said cases took place only after the Court had determined on such review that the administrative record was inadequate. In only one case, *Overton Park*, has discovery at the judicial level been considered as an alternative, and there was allowed only as an expedient,[5] in sharply limited situations.[6] Even there, moreover, the Court expressly indicated that the District Court was not "required" to resort to testimonial procedures.[7]

The Commission's rule will stand or fall on the basis of the administrative record herein, which, it should be noted, is 2100 pages in length, including a statement of basis and purpose. If on reviewing the merits of this action the Court should find the record inadequate the possibilities include invalidation of the rule or remand for supplementation of the administrative record. In no event, however, does the Court foresee the type of *de novo* trial rejected in *Camp*, nor the probing of the mental processes of decisionmakers abjured in *Overton Park*.

 Plaintiffs will have ample opportunity to demonstrate the weaknesses

---

including the state hearings, on which the Administrator himself acted" yet the context reveals that the Court was simply requiring that the entire administrative record developed before the agency be submitted for review, and the Court so indicated in requiring (at 507) that "the full administrative record" be certified to the Court. The agency had sought to confine the Court to the "four corners" of an administrative order, and the Court quite properly refused to be so confined.

3. City of Chicago, Illinois v. F.P.C., 147 U.S.App.D.C. 312, 458 F.2d 731 (1971), Mobil Oil Corporation v. F.P.C., 157 U.S.App.D.C. 235, 483 F.2d 1238 (1973) and Public Service Commission, State of New York v. F.P.C., 159 U.S.App.D.C. 172, 487 F.2d 1043 (1973) all involved review under a "substantial evidence" test imposed by the Natural Gas Act and at least one of these cases, Public Service Commission, indicated that such review is based "on the record" as in a "formal" APA rule-making. 487 F.2d at 1069. International Harvester Company v. Ruckelshaus, 155 U.S.App.D.C. 411, 478 F.

2d 615 (1973) involved a hearing and decision pursuant to Section 202(b)(5)(D) of the Clean Air Act, 42 U.S.C. § 1857f–1(b)(5)(B). Montrose Chemical Corporation v. Train, 160 U.S.App.D.C. 270, 491 F.2d 63 (1974) was a Freedom of Information Act case, yet its discussion of administrative decision-making related only to decision required by statute to be made "only on substantial evidence of record." 491 F.2d at 68.

4. Note 3, supra.

5. See 401 U.S. 420, n. 34, 91 S.Ct. 814, and Separate Opinion of Mr. Justice Black, 401 U.S. 421–22, 91 S.Ct. 814.

6. " . . . (W)here there are administrative findings that were made at the same time as the decision . . . there must be a strong showing of bad faith or improper behavior before such inquiry may be made." 401 U.S. at 420, 91 S.Ct. at 825. There has been no such showing of bad faith or impropriety on the part of the Commission herein.

7. 401 U.S. at 420, 91 S.Ct. 814.

of the present record. The absence of discovery need not limit judicial review. Discovery here is neither required nor necessary.

Defendants will be granted a protective order from discovery herein.